**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael Alan REAID, Defendant–
Appellant.**

**No. 11–11553
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 2, 2012.

Lennard B. Register, III, Robert G. Davies, U.S. Attorney's Office, Pensacola, FL, Robert O. Davis, Pamela C. Marsh, Michael Thomas Simpson, U.S. Attorney's Office, Tallahassee, FL, for Plaintiff–Appellee.

Michael Robert Ufferman, Michael Ufferman Law Firm, PA, Tallahassee, FL, for Defendant–Appellant.

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Michael Reaid appeals the substantive reasonableness of his 97–month sentence, imposed within the applicable guideline range, after pleading guilty to one count of receiving and distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1). On appeal, Reaid argues his sentence is substantively unreasonable because it was calculated pursuant to U.S.S.G. § 2G2.2. He claims the enhancements to § 2G2.2 are unsupported by empirical data and result in irrational sentences, and § 2G2.2 is thus fundamentally incompatible with the sentencing requirements and purposes under 18 U.S.C. § 3553(a). After review, we affirm Reaid's sentence.[1]

Reaid's 97–month sentence is substantively reasonable. We have previously held that § 2G2.2 adequately takes into account empirical data and national experience. *See United States v. Pugh*, 515 F.3d 1179, 1201 n. 15 (11th Cir.2008). We also noted the child pornography guidelines reflect Congress's "longstanding concern for recidivism in [child pornography] cases." *Id.* Moreover, Reaid's sentence is reasonable in light of the § 3553(a) factors and the totality of the circumstances. The district court stated that it had considered the § 3553(a) factors, *see United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007), and the court noted that the sentence reflected the seriousness of the offense and the need for adequate deterrence. The court also imposed a sentence at the bottom of the guideline range based on Reaid's arguments in mitigation. Reaid has not met his burden to show an abuse of discretion.

**AFFIRMED.**

---

1. We review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).